**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE WILLIAMS,** | ) | **Case No. 1:07-CV-829** |
| **on behalf of herself and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **JUDGE ANN ALDRICH** |
| | ) | |
| **LE CHAPERON ROUGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM AND ORDER** |

On March 20, 2007, plaintiff Nicole Williams ("Williams"), on behalf of herself and all others similarly situated, filed a complaint in the Northern District of Ohio, Eastern Division, alleging that defendants Le Chaperon Rouge and Le Chaperon Company violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 (2006), and the Ohio Minimum Wage Act, O.R.C. §§ 4111.01-99 ("OMWA"), by failing to compensate her and all other hourly, non-exempt employees for all hours worked. (Doc. No. 1.) On March 21, 2007, Catherine Alexander joined the suit as a party plaintiff, opting in under 29 U.S.C. § 216(b). (Doc. No. 3.) On May 7, 2007, Williams filed a motion for conditional certification under 29 U.S.C. § 216(b), expedited opt-in discovery, and court supervised notice to potential opt-in plaintiffs. (Doc. No. 6.) On June 25, 2007, the defendants filed a reply in opposition to this motion. (Doc. No. 20.) On June 29, 2007, Williams filed a reply in support of the motion for conditional certification, expedited opt-in discovery, and court supervised notice to potential opt-in plaintiffs. (Doc. No. 22.)

All of the issues have been fully briefed and are ripe for adjudication. For the following

reasons, the court grants Williams's motion for conditional certification, expedited opt-in discovery, and court supervised notice to potential opt-in plaintiffs (Doc. No. 6).

## I. FACTUAL BACKGROUND

Williams is a former employee of Le Chaperon Company, the owner and operator of childcare centers and elementary schools in Northeastern Ohio. She alleges that during the approximately six months that she worked for Le Chaperon Company at its Rocky River, Ohio location, she, and other similarly situated employees, were subject to numerous violations of the FLSA and its regulations, including:

1) a policy in violation of 29 CFR § 785.11, which allowed only five minutes at the end of the work day to perform state mandated classroom clean up, forcing employees to work beyond regular business hours without compensation;

2) practices in violation of 29 CFR § 785.16, which regularly deprived employees of appropriate paid break time;

3) practices and a policy in violation of 29 U.S.C. § 207(a)(1), which led to a failure to pay overtime for hours that employees worked in excess of 40 per week;

4) policies in violation of 29 CFR § 785.27-29, which declared employee participation in mandatory training sessions, open houses, and staff meetings to be without compensation;

5) a policy in violation of 29 CFR § 531.32(a), which required deduction of the cost of involuntary training sessions from employees' paychecks if they resigned prior to a full year of employment, thereby reducing each of the employees' earnings below the minimum wage for that pay period. (Doc. No. 1.)

In support of these allegations and to demonstrate that she is representative of other similarly

situated employees of Le Chaperon Company, Williams has submitted a sworn affidavit and a copy of a Le Chaperon Company employee handbook for teachers, which sets out the policies that she alleges are in violation of the FLSA and its regulations. (Doc. No. 6-2; Doc. No. 6-3.) Williams also cites the parallel allegations that appear in the affidavit of consent filed by Catherine Alexander, a former teacher for Le Chaperon Company, who joined this suit as a party plaintiff under 29 U.S.C. § 216(b). (Doc. No. 3.)

Le Chaperon Company counters that Williams cannot represent a class of similarly situated workers from its childcare centers and schools because, unlike Alexander and the majority of other members of the class she proposes, Williams worked part-time and did not hold the position of teacher. (Doc. No. 9; Doc. No. 20.) The company further alleges that the employee handbook that Williams submitted as evidence was not in effect during her employment there, and, therefore, it in no way applies to either her or other employees she intends to notify to opt into the suit and it in no way suggests that she and these other employees are similarly situated under 29 U.S.C. § 216(b). (Doc. No. 20.)

## II. DISCUSSION

### A. Standard for a Motion for Conditional Certification Under 29 U.S.C. 216(b)

Conditional class certification is the first phase of a two-phase process to determine whether proposed co-plaintiffs in a suit filed under the FLSA are, in fact, "similarly situated," and, therefore, capable of exercising the right to collective action that the statute provides. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006); *see also* 29 U.S.C. § 216(b). Throughout this process, the plaintiff bears the burden of establishing that she and the class she wishes to represent are similarly situated. *Smith v. Lowe's Cos.*, No. 2:04-CV-774, 2005 U.S. Dist. LEXIS 9763, at *8

(S.D. Ohio May 11, 2005) (internal citations omitted); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005). The plaintiff need not show, however, that her position is identical to the position held by putative class members, but rather only that her position is similar. *Comer*, 454 F.3d at 546-47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

During the first or "notice" phase of the certification process, when the parties have yet to initiate discovery, the standard for determining whether the plaintiff has met this burden is "fairly lenient." *See Comer*, 454 F.3d at 546-47 (internal citations omitted). The plaintiff must make only a "modest factual showing sufficient to demonstrate that [the plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 547 (quoting *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.NY. 2002)). Courts evaluating the plaintiff's factual showing during the conditional certification phase may consider "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *Smith*, 2005 U.S. Dist. LEXIS 9763, at *10 (internal citations omitted). If the plaintiff successfully makes the modest factual showing necessary for conditional certification, then the court may play a role in ensuring that potential opt-in plaintiffs receive timely, accurate, and informative notice. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989).

The second phase of the class certification process under the FLSA takes place upon the completion of discovery, when the court has more information about the plaintiff and potential class members. *Comer*, 454 F.3d at 547. During this phase, the court employs a stricter standard to determine whether the plaintiff and the class members are similarly situated. *See id.* (citing *Morisky*

*v. Pub. Serv. Elec. & Gas. Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000)). At this point, the defendant may move to decertify the class, making a "fact-specific inquiry" into the plaintiff's showing that she is similarly situated to the opt-in plaintiffs. *See Goldman v. Radioshack Corp.*, No. 03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. April 16, 2003) (citation omitted).

**B. Analysis**

Williams has made the "modest factual showing" necessary for conditional certification of a class action under 29 U.S.C. § 216(b). *See Comer*, 454 F.3d at 547. Not only did she identify the teachers working for Le Chaperon Company as potential opt-in plaintiffs, she also submitted an affidavit from former teacher Catherine Alexander alleging that Le Chaperon Company subjected her to the same practices and policies described in Williams's complaint. *See Smith*, 2005 U.S. Dist. LEXIS 9763, at *10 (considering affidavits of potential plaintiffs as relevant factor). Most significantly, Williams submitted a copy of an employee handbook, which may be evidence of a widespread discriminatory plan. *See id.* (considering evidence of a widespread discriminatory plan). This evidence clearly identifies practices and policies as being in violation of the FLSA and it therefore merits conditional certification of the class, which would allow the parties to proceed to discovery and resolve whatever factual disputes arise regarding the validity of the evidence itself. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F. Supp. 2d 753, 755 (D. Tex. 2004) (holding that during the conditional certification phase, "the affidavits and employee handbook submitted by Plaintiff constitute sufficient evidence that putative class members were the victims of a common policy violating the FLSA."). Indeed, Le Chaperon Company's effort to attack the validity of Williams's evidence is inappropriate during the conditional certification phase. *See Goldman*, 2003 WL 21250571, at *8 ("A fact-specific inquiry is conducted only after discovery and a formal motion

to decertify the class is brought by the defendant."). Thus, any questions as to whether Williams worked as a teacher for Le Chaperon Company or whether the employee handbook was, in fact, in effect during her employment, must be left for a later stage of litigation, after discovery, when both parties have more information about the validity of the class that is conditionally certified in the initial phase. *See id.* To facilitate the resolution of these issues, the parties should, therefore, begin discovery and the process of notifying possible opt-in plaintiffs about the litigation in progress. Accordingly, Williams's motion is granted.

### III. Conclusion

For the foregoing reasons, Williams's motion for conditional certification, expedited opt-in discovery, and court supervised notice to potential opt-in plaintiffs is granted. (Doc. No. 6.) A Case Management Conference is set for September 7, 2007 at 11:00 a.m. in Chambers 17b.

IT IS SO ORDERED.

 */s/ Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2007