UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICOLE WILLIAMS, ) | |
| on behalf of herself and all others ) | Case No. 1:07-CV-829 |
| similarly situated, ) | |
| ) | Judge Ann Aldrich |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LE CHAPERON ROUGE, et al., ) | **MEMORANDUM AND ORDER** |
| ) | |
|     Defendants. ) | |

Before the court is plaintiff Nicole Williams' ("Williams") motion for class action certification of her state law claim under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01-99. (Doc. No. 26.) Because that act requires that individuals opt-in to collective actions, a provision directly at odds with the opt-out procedure of Rule 23 of the Federal Rules of Civil Procedure, the court denies Williams' motion.

I.     **Background**

Williams is a former employee of defendants Le Chaperon Rouge and Le Chaperon Rouge Company (collectively "Le Chaperon Rouge"), the owners and operators of childcare centers and elementary schools in Northeastern Ohio. On March 20, 2007, Williams, on behalf of herself and all others similarly situated, filed her complaint in the Northern District of Ohio, Eastern Division, alleging that Le Chaperon Rouge violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 (2006), and the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01-99

("OMFWSA")[1], by failing to compensate her and all other hourly, non-exempt employees for all hours worked.  (Doc. No. 1.)

In her complaint, Williams pleaded facts alleging grounds for both a collective action under the FLSA and a class action under the OMFWSA.  Two months after filing her complaint, she moved for conditional certification, expedited opt-in discovery, and court-supervised notice to potential opt-in plaintiffs on the FLSA claim, which the court granted on August 14, 2007.  Shortly thereafter, Williams filed the instant motion to certify her OMFWSA claim as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  (Doc. No. 26.)

**II.    Discussion**

Under the OMFWSA, an employee may bring an action for equitable and monetary relief on behalf of "all similarly situated employees."  O.R.C. § 4111.14(K).  However,

> No employee shall join as a party plaintiff in any civil action that is brought under division (K) of this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees *unless that employee first gives written consent* to become such a party plaintiff and that consent is filed with the court in which the action is brought.

O.R.C. § 4111.14(K)(2).[2]  This provision requires that prospective plaintiffs affirmatively opt-in to any collective action brought under the OMFWSA.  In spite of this opt-in provision, Williams seeks class action certification of her OMFWSA claim under Rule 23, which takes an opt-out approach to class actions.  Specifically, under Rule 23, class members are bound by the judgment of the court unless they affirmatively opt-out of the class.  Fed. R. Civ. P. 23(c)(2)(B), (c)(3).  In contrast, under

---

[1]   The parties incorrectly refer to this act as the Ohio Minimum Wage Act.

[2]   Though controlling, neither party referenced this statute in its brief.

an opt-in approach, only those plaintiffs who affirmatively opt-in are bound by the court's judgment. Given the apparent conflict between these approaches, the court must determine how the opt-in approach under § 4111.14(K)(2) bears on the instant motion for class action certification under Rule 23.

Since § 4111.14 became effective on April 4, 2007, no court has interpreted it. *See* 2005 Ohio HB 690. The FLSA, however, contains a similar provision that has been interpreted by the federal courts. Specifically, the FLSA provides that an action to recover for violations of its provisions:

> may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party* and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added). Federal courts, including the Sixth Circuit, have interpreted this language to mean that a prospective plaintiff must affirmatively opt-in to a collective action brought under the FLSA, thus precluding a plaintiff from asserting an FLSA claim as a traditional Rule 23 class action. *See, e.g., Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (the FLSA limits private "plaintiffs to employees who assert[] claims in their own right"); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003); *Hipp v. Liberty Nat'l Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). Accordingly, this court must now determine what consideration and weight to give to the federal courts' interpretation of the FLSA when interpreting § 4111.14(K)(2) of the OMFWSA.

The OMFWSA contains numerous references, and deference, to the FLSA and its judicial interpretations. *See, e.g.,* O.R.C. § 4111.03(A) (an employer is to pay overtime "in the manner and methods provided in and subject to the exemptions of" the FLSA); O.R.C. § 4111.03(D)(3)(d)

(defining "employee" in reference to terms of the FLSA); O.R.C. § 4111.04(B) (providing that inspections of an employer's records are to be coordinated with those inspections done pursuant to the FLSA). In fact, § 4111.14 itself, which was added as a new section in 2007, references the FLSA nine times. O.R.C. § 4111.14(B), (B)(2), (D)(1)(a), (F)(2)(a), (F)(2)(b), (F)(4)(b), (G)(1). Several of these references provide that when interpreting terms under the OMFWSA, courts should give great deference to the federal courts' interpretations of the same terms under the FLSA. *E.g.*, O.R.C. § 4111.14(B) ("In construing the meaning of these terms, due consideration and great weight shall be given to the United States department of labor's and federal courts' interpretations of those terms under the Fair Labor Standards Act and its regulations."); O.R.C. § 4111.14(B)(2) (same as to interpreting the term 'volunteer'); O.R.C. § 4111.14(D)(1)(a) (same as to interpreting the term "casual basis"). Finally, the house bill for the OMFWSA's 2007 amendments states that:

> The Amendment defines "employer," "employee," and "employ" as having the same meanings as under the federal Fair Labor Standards Act. Clear definitions for terms such as "employ" and "casual basis" will not necessitate litigation to clarify their meanings because those terms have been established by federal regulations, well settled case law, or both.

2005 Ohio HB 690, § 6(B)(1). In light of these strong parallels between the FLSA and the OMFWSA, and in light of the explicit references to the federal courts' interpretations of the FLSA in § 4111.14 itself, this court gives due consideration and great weight to the federal courts' interpretation of 29 U.S.C. § 216(b) in determining how the opt-in provision of O.R.C. § 4111.14(K)(2) bears on class action certification under Rule 23.

Accordingly, because the opt-in approach of the FLSA precludes a plaintiff from bringing a Rule 23 class action under the FLSA, the opt-in approach the OMFWSA must be interpreted to preclude a plaintiff from bringing a Rule 23 class action under the OMFWSA. Therefore, the court

denies Williams' motion for class action certification of her OMFWSA claim. (Doc. No. 26.)

      IT IS SO ORDERED.

                                                        /s/ *Ann Aldrich*
                                               ANN ALDRICH
                                             UNITED STATES DISTRICT JUDGE

**Dated: December 17, 2007**