**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE WILLIAMS, ) | | |
| on behalf of herself and all others ) | Case No. 1:07-CV-829 | |
| similarly situated, ) | | |
| ) | JUDGE ANN ALDRICH | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| LE CHAPERON ROUGE, et al., ) | **MEMORANDUM AND ORDER** | |
| ) | | |
| **Defendants.** ) | | |

Before the court are two affidavits filed by plaintiffs' counsel indicating that plaintiffs Aisha Primm, Laura Jenkins, Sara Ramsay, Cassandra Smith, and Kristen Loboda have repeatedly failed to participate in this litigation. For the reasons set forth below, the court dismisses these plaintiffs pursuant to Rule 41(b).

**I.      Background**

Plaintiff Nicole Williams ("Wiliams") filed this lawsuit on behalf of herself and others similarly situated, claiming that defendants Le Chaperon Rouge and Le Chaperon Rouge Company (collectively "Le Chaperon Rouge") had violated federal and state fair labor standards acts. On August 14, 2007, the court conditionally certified Williams' claim under the Fair Labor Standards Act ("FLSA") as a collective action. Subsequently, Aisha Primm opted-in to the FLSA collection action as a party plaintiff on September 7, 2007, as did Laura Jenkins on September 25, 2007, Sara Ramsay and Cassandra Smith on October 2, 2007, and Kristen Loboda on October 3, 2007. All five of these opt-in plaintiffs are represented by Williams' counsel.

On May 7, 2008, Williams' counsel filed affidavits with the court indicating that since Jenkins, Loboda, and Primm had opted-in, counsel had been unable to contact them. Counsel attests these three opt-ins failed to respond to several letters and several phone calls. On February 22, 2008, counsel advised Jenkins, Loboda, and Primm in writing that they would be unable to continue as plaintiffs if they did not contact counsel. In spite of this warning, none of the three responded.

Counsel also had difficulty getting in touch with Ramsay and Smith to participate in discovery. Counsel advised them that they needed to respond to discovery requests and attend a deposition. Ramsay and Smith responded that they did not want to remain plaintiffs in the case, which counsel confirmed in writing on February 22, 2008.

**II. Discussion**

Pursuant to Rule 41(b), a defendant may move to dismiss any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Unless the court states otherwise, such a dismissal operates as an adjudication on the merits. *Id*. However, it is also within the court's inherent power to dismiss a complaint *sua sponte* for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). In considering such dismissal, a court should consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions" would be appropriate. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

Here, Jenkins, Loboda, and Primm failed to respond to several letters and several phone calls from their attorneys. Further, although they were advised in writing over two months ago that they would not be able to continue as plaintiffs if they failed to contact counsel, they failed to do so. On

2

these facts, their failure appears willful, and they were warned by counsel that their conduct could lead to dismissal. Further, there is no evidence that Le Chaperon Rouge would be prejudiced by their dismissal. Given that these plaintiffs' only noted participation in this litigation has been to file the FLSA opt-in form, no lesser sanction would be appropriate.

Similarly, Ramsay and Smith were advised that they needed to respond to discovery requests and attend a deposition. In response, they indicated that they did not want to remain plaintiffs in the case, which counsel confirmed in writing on February 22, 2008, indicating that their failure is willful and that they were aware of the consequences of their actions. Further, there is no evidence that their dismissal would prejudice Le Chaperon Rouge. In light of these facts, and in light of their desire to opt-out of the lawsuit, dismissal is the appropriate sanction.

### III. Conclusion

Because plaintiffs Primm, Jenkins, Ramsay, Smith, and Loboda have repeatedly failed to participate in this lawsuit, the court dismisses them pursuant to Rule 41(b).

The court notes that Le Chaperon Rouge has filed a motion for summary judgment as to plaintiffs Primm, Jenkins, Smith, Loboda, and Kimberly S. Suhaj. (Doc. No. 90.) However, because Primm, Jenkins, Smith, and Loboda have been dismissed, Le Chaperon Rouge's motion for summary judgment is partially denied as moot as to those plaintiffs, but remains as to Suhaj.

IT IS SO ORDERED.

/s/ *Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: May 14, 2008**

3