**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NICOLE WILLIAMS,** ) | |
| on behalf of herself and all others ) | Case No. 1:07-CV-829 |
| similarly situated, ) | |
| ) | **JUDGE ANN ALDRICH** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LE CHAPERON ROUGE, et al.,** ) | **MEMORANDUM AND ORDER** |
| ) | |
| **Defendants.** ) | |

Before the court is plaintiff Nicole Williams' ("Williams") motion to vacate an order denying class action certification. (Doc. No. 113.) For the reasons set forth below, the court vacates the order.

**I.   Background**

Williams filed this lawsuit on behalf of herself and others similarly situated, claiming that defendants Le Chaperon Rouge and Le Chaperon Rouge Company (collectively "Le Chaperon Rouge") had violated federal and state fair labor standards acts. On August 14, 2007, the court conditionally certified Williams' claim under the Fair Labor Standards Act ("FLSA") as a collective action. Williams later moved for class action certification of her state law claim, which the court denied on the merits on December 17, 2007. (Doc. No. 69).

The parties subsequently settled the case, filing a notice of case dismissal on May 28, 2008. That same day, the court dismissed the case, but preserved Williams' right to file a motion to vacate the order denying class certification, a condition stipulated by the parties in their notice of dismissal. On July 1, 2008, Williams exercised that right and filed the instant motion to vacate.

**II.     Discussion**

Williams moves to vacate the order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides that under certain circumstances, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60, however, applies to final orders. Here, because the order denying class certification was not a final order, Williams may not rely upon it to obtain the relief sought.

Notwithstanding the above, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). *See also City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 887 (9th Cir. 2001) ("a district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure.") Further, a district court's class certification order is inherently tentative, and the district court may alter or amend it before a decision on the merits. *Id*. Thus, "even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation." *Id*. (citing *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 160 (1982)).

Here, subsequent developments in the litigation weigh in favor of vacating the order denying class certification. Specifically, prior to settling the case, Williams moved to reconsider that order. Before the court could rule on that motion, the parties settled their claims and dismissed the case. Had the case gone forward, it is entirely possible that the order might have changed. However, because the case settled, the court did not have an opportunity to reconsider the order, making it of limited persuasive value for future litigants. As a result, it would be improper for future litigants

to rely upon this interlocutory ruling, especially in cases dealing with very different factual contexts. Accordingly, there are strong reasons to vacate the order.

**III.     Conclusion**

For the reasons set forth above, the court vacates its order denying class action certification (Doc. No. 69).

IT IS SO ORDERED.

>     /s/ *Ann Aldrich*
> ANN ALDRICH
> UNITED STATES DISTRICT JUDGE

**Dated: July 21, 2008**